## No. 6566.

### Samuel F. Ticknor vs. M. M. A. Calhoun.

The contents of a lost instrument creating obligations can not be shown by parol, until the loss itself has been proved and properly advertised.

Where an absentee, represented by a curator *ad hoc*, who has not been able to communicate with his client, is sued on an instrument alleged to be signed by him, the plaintiff must prove the absentee's signature as strictly. as though the signature had been denied.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. Trial by jury.

*R. J. Bowman*, for plaintiff and appellant.

*A. Carahan*, for defendant.

The opinion of the court was delivered by

·Egan, J. This is an attachment suit against the defendant, a nonresident, based upon an alleged written obligation given in consideration of a stay of execution for twelve months upon a judgment of plaintiff vs. W. S. Calhoun, obtained in the district court of Grant parish, and to secure its payment. The defendant was represented by an attorney *ad hoc*, who waged a vigorous and successful defense.

We deem it unnecessary to notice the exceptions to the action and to the attachment, and also most of the bills of exception with which the record abounds.

The answer was a general and special denial, and sets up that the plaintiff must sue Miss Calhoun and obtain judgment before attaching. The force or propriety of this last position we are unable to perceive. The papers and judgment in the case of Pratt & Ticknor vs. W. S. Calhoun, to secure which it is alleged defendant bound herself, were destroyed by the burning of the court-house in Grant parish. An act was passed in 1875 authorizing and prescribing the mode of reviving the burned records. It does not appear that plaintiff availed himself of its provisions; but we do not regard that as furnishing the exclusive means of evidence of the destroyed documents. The existence, character, date, and amount of the judgment vs. W. S. Calhoun are set forth in the written agreement of suretyship found in the record, and while the production of other evidence of the condition of the record at the time of its destruction would have been safer and more satisfactory, we are not prepared to pronounce it absolutely necessary. The attorney *ad hoc* applied for a continuance, which should have been granted.

The case was tried by a jury, which returned " a verdict for defendant, as in case of nonsuit, the plaintiff having failed to prove the signature of Miss Calhoun." Upon this an absolute judgment of dismissal was erroneously entered in the court below. The only evidence of transfer of the judgment of Pratt & Ticknor vs. W. S. Calhoun, or of debts due said firm to the plaintiff, is that of Robert A. Hunter, who says, " he received letters to that effect from both members of the firm, which are now mislaid or lost, and can not be found after diligent search."

We think the exception to the reception of parol evidence of transfer should have been sustained. The evidence was essential to recovery. The testimony of the witness himself disclosed the existence of better and written evidence, which no sufficient effort had been made to recover and no proper foundation laid to supply. Lockhart vs. Jones, 9 R. 381. In this case there is no affidavit of plaintiff and no advertisement of loss, and the testimony of his former counsel that he had made diligent search for the letters without success was not sufficient. See same case, 9 R.; 3 An. 228; C. C. 2279, 2280.

The evidence of plaintiff is loose and unsatisfactory. He seeks to recover from the defendant the debt of another, evidenced by judgment alleged to be destroyed, and of which no other evidence is given than the acknowledgment in the instrument of suretyship sued on, the authenticity of which is denied. The compliance with the condition of the obligation is not shown in the manner provided in it; *i. e.*, by the written statement of W. S. Calhoun on the instrument of suretyship that the stay of execution had been allowed him. There is neither allegation nor evidence as to whether the judgment had or had not been satisfied by the judgment debtor or by sale of his property. The defendant was

Ticknor vs. Miss Calhoun.

a non-resident, whose appointed counsel made affidavit for time to communicate with his client and of a probable substantial defense if allowed opportunity to urge it. Both were denied him, and he was forced into an early trial. There was no evidence of the execution of the instrument sued on by any witness who had seen the defendant sign it; none by any witness who had ever seen her write or sign her name; none by comparison of proved or admittedly genuine signatures. One witness swears to having received one letter from Miss Calhoun, whom he had never seen and never seen write. The letter was not present on the trial, and the witness had not seen it for three years, but said the signatures to the letter and the instrument sued on were the same. Another witness swore that he never saw the defendant sign her name, but had received letters from her, and believed the signature to the document sued on to be hers. The letters were not present, were not exhibited to the court or jury, nor is their date given. Another witness swore that he believed, but was not positive, that the signature was Miss Calhoun's; could not say he ever saw her write her name; had often seen the writing of the defendant; could not say whether he ever saw Miss Calhoun's signature, except on correspondence between her and her brother; didn't recollect whether the brother had shown him more than one letter, and winds up by saying that the signature upon those letters "was said by her brother to be that of defendant; he also saw her signature officially," but does not disclose how, when, or where; and neither the letters nor the signature "seen officially," though he had just admitted he never saw her write, were produced for comparison. The whole evidence of this witness shows that he testified from hearsay.

We think the plaintiff should have been held to the same strictness of proof against an absent defendant, represented only by an attorney *ad hoc*, as though the signature were specially denied by a defendant present or by his heirs or other representatives. C. C. 2245; C. P. 325; 9 L. 562; 18 An. 419; 21 An. 148, 523. That evidence is only of three kinds:

First—Of witnesses who saw the instrument signed.

Second—Of witnesses who had often seen the party write and sign his name; and

Third—By comparison of handwriting; *i. e.*, by the production and comparison before the court and jury of signatures, proved or admitted, with that sought to be proved, so that the court or jury may themselves be able to compare and judge for themselves.

In 21 An. 148, just cited, one witness said: "I recognize the signatures as being genuine, having paid many drafts bearing the same signatures and never disputed by either party." Another witness said: "I recognize said signatures as being genuine, on the ground that I have often and often seen said signatures." The court held that the evidence was

insufficient, and that article 325, Code of Practice, is the controlling law.

We agree with the jury in the case at bar that "the plaintiff failed to prove the signature of defendant" by legal or satisfactory evidence, and that he has not made his case certain. As, however, the judgment does not conform to the verdict, which was one of nonsuit, the costs of appeal must be allowed him.

It is therefore ordered, adjudged, and decreed that the judgment of the court below be set aside and avoided, and that plaintiff's suit be dismissed as of nonsuit.